# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

In re:   Gilli Lavrishina                                             Case No.   19-11244-FJB

        Debtor(s)                                                    Chapter   13

## LIMITED OBJECTION TO CLAIM

    **The Debtor has filed an objection to your claim in this bankruptcy case.  Pursuant to MLBR 3007-1(c) and MLBR, Appendix 1, Rule 13-13(e), a response by you, if any, to this Objection must be filed with the Court within 30 days of the filing of the Objection with the Court.**

    Debtor pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure objects to the secured status of Proof of Claim No. 1 filed by PDM Capital LLC ("Claimant/Creditor") and assigns the following reasons:

1. On April 30, 2019, Claimant filed a general unsecured Proof of Claim in the amount of $24,942.17.

2. Debtor objects to the secured status of said Claim on the basis the Claim is not supported by any documentary proof the Debtor executed a written document granting a security interest in debtor's property or Claimant has a properly perfected Massachusetts judicial lien.

3. Documentation attached to its claim substantiating the Claimant as a secured creditor is inadequate and incomplete.  Without adequate documentation, the Debtor cannot verify the accuracy of the claim as to the Claimant.  See In re Melillo, 392 B.R. 1 (1st Cir. BAP 2008).

4. Debtor request copies of all documents substantiating its secured status relied upon by Claimant in preparing its Proof of Claim.

5. Claimant's claim lacks prima facie validly and evidentiary effect as to its secured status. Fed. R. Bankr. P. 3001(f).

6. As to its secured status, the claim is without any evidentiary value and is unenforceable against the Debtor and the Debtor's property under any agreement or applicable law pursuant to 11 U.S.C. § 502(b)(1).

    WHEREFORE, the Debtor requests this Court to sustain Debtor's objection and allow Claimant a general unsecured claim pursuant to 11 U.S.C. § 502(b)(1) and order such other relief as is just and proper.

                                                    Respectfully submitted,

        Gilli Lavrishina,

        By her attorney,

        /s/ Steven Striffler
        Steven R. Striffler
        BBO No. 664224
        Law Office of Steven R. Striffler
        21 McGrath Highway, Suite 301
        Quincy, MA 02169
        (617) 290-1573
        steve@strifflerlaw.com

Date: July 24, 2019.

## CERTIFICATE OF SERVICE

I, Steven Striffler, hereby certify that on 7/24/19, the following interested parties were served a copy of the foregoing document via first class mail or electronically through the courts CM/ECF System at:

Carolyn A. Bankowski, Chapter 13 Trustee, 13trustee@ch13boston.com

John Fitzgerald, USTPRegion01.BO.ECF@USDOJ.GOV

Richard T. Mulligan on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
mabk@harmonlaw.com, rmulligan@ecf.courtdrive.com

Joseph Dolben on behalf of Creditor Toyota Motor Credit Corporation
jdolben@mlg-defaultlaw.com, yfrails@mlg-defaultlaw.com;rdesrosiers@mlg-defaultlaw.com

Joshua Ryan-Polczinski on behalf of Creditor Nationstar Mortgage LLC d/b/a Mr. Cooper
mabk@harmonlaw.com, jryan@ecf.courtdrive.com

PDM Capital LLC
c/o Ariel Bouskila
Berkovitch & Bouskila
1330 Ave of Americas, Ste 600B
New York, NY 10019

        /s/ Steven R. Striffler