UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

GILLI LAVRISHINA,                      Case No. 19-11244-FJB
                                                     Chapter 13

Debtor.

## STIPULATION AND ORDER

This stipulation and order (the "Stipulation") is entered into by and between: (a) the United States, on behalf of its agency, the Internal Revenue Service, (the "Service") and (b) Gilli Lavrishina (the "Debtor") (collectively, the "Parties"), in connection with the Limited Objection to Third Amended Plan (the "Limited Plan Objection") filed by the Service, in the above captioned Chapter 13 bankruptcy proceeding. (Doc. No. 167).

## RECITALS

WHEREAS, on April 13, 2019, the Debtor filed a bankruptcy petition under Chapter 13 of title 11 of the United States Code.

WHEREAS, on May 24, 2019, the Service filed a Proof of Claim for unpaid federal taxes [Claim No. 9-1], which was amended on June 5, 2019 [Claim No. 9-2], and again on September 23, 2019 [Claim No. 9-3].

WHEREAS, the Proof of Claim asserts a secured claim in the amount of $48,273.82 for unpaid taxes and civil penalties that accrued during tax years 2010, 2011, 2013, 2014, and 2016, an unsecured priority claim in the amount of $89,614.26 for unpaid taxes and civil penalties that accrued during tax years 2015 through 2018, and an unsecured general claim in the amount of $10.00. [Claim No. 9-3].

WHEREAS, the Service's secured and priority claims consist of two components: (i) the first component is personal income taxes owed by the Debtor; and (ii) the second component is civil penalties assessed in connection with unpaid trust fund taxes.

WHEREAS, on August 27, 2020, the Debtor filed the Fourth Amended Chapter 13 Plan (Doc. No. 151) (the "Plan").

WHEREAS, the Plan proposes to make payments to creditors totaling $10,683.45 over the first 16 months and $600.00 per month over the next 44 months.

WHEREAS, with respect to the Service's secured and priority claims, the Plan provides the following in Part 8 Nonstandard Plan Provisions:

> Proof of Claim No. 9 by the Internal Revenue Service contains amounts that are owed in part by the Debtor's corporation, A Sharon Driving School, Inc. (hereinafter "the corporation"). These amounts ($35,375.32 portion of the secured claim and $88,784.26 portion of the priority claim) are for withholding and trust fund taxes owed by the corporation, and these amounts are being paid directly to the Internal Revenue Service by the corporation under a separate agreement, and not through this Plan. The amounts that are being paid to the Internal Revenue Service through this Plan are the Debtor's liabilities for personal income taxes ($12,898.50 secured, $830.00 priority, and $10.00 general unsecured, subject to the dividend).

WHEREAS, the Service does not object to the Debtor's corporation directly paying the Trust Fund Recovery Penalty through a Direct Deposit Installment Agreement being entered into between the Service and the corporation, but filed the Limited Plan Objection seeking language clarifying that the Debtor is ultimately responsible for the payment of these penalties should the corporation default. The Limited Plan Objection also objected to the failure of the Plan to provide interest on the Service's secured claim.

WHEREAS, the Debtor filed an opposition to the Limited Plan Objection. (Doc. No. 168) (the "Debtor's Response").

WHEREAS, after good-faith, arms-length negotiations the Parties have reached a resolution of the issues raised in the Limited Plan Objection and the Debtor's Response, subject to the approval of the Court, and pursuant to Fed. R. Bankr. P. 9019 and Massachusetts Local Bankruptcy Rule 9019-1.

THEREFORE, IT IS HEREBY AGREED THAT:

1. The following claims of the Internal Revenue Service shall not be subject to the Chapter 13 discharge under 11 U.S.C. §1328: (i) the secured claim of the Internal Revenue Service in connection with the Trust Fund Recovery Penalties for the periods ending September 30, 2013, December 31, 2013, March 31, 2014, June 30, 2014, September 30, 2014 and June 30, 2016 in the amount of $35,375.32 as of the Petition Date plus applicable interest (the "IRS TFRP Secured Claim"); and (ii) the priority claims of the Internal Revenue Service in connection with the Trust Fund Recovery Penalties for the periods ending September 30, 2015, December 31, 2015, March 31, 2016, September 30, 2016, June 30, 2017, September 30, 2017, December 31, 2017, March 31, 2018, June 30, 2018, September 30, 2018 and December 31, 2018 in the amount of $88,784.26 (the "IRS TFRP Priority Claim").

2. If the Debtor's corporation, A Sharon Driving School, Inc., defaults on the payment of the IRS Secured Claim or the IRS Priority Claim under the Direct Deposit Installment Agreement and such default is not cured within 30 days, the Debtor shall, within 60 days of notice of default by the Service, either (i) file a motion to amend the Plan pursuant to 13 USC § 1329 to provide for payment of the IRS Secured Claim and the IRS Priority Claim directly by the Debtor, or (ii) file a notice or motion to dismiss this Chapter 13 Case pursuant to 11 U.S.C. § 1307(b). If the Debtor has not filed an amended plan or sought to dismiss consistent with this paragraph within 60 days of notice of default by the Service, the Service may file a

motion to dismiss for cause. The Debtor hereby agrees that the Debtor's failure to comply with the terms of this paragraph constitutes cause for dismissal pursuant to 11 U.S.C. § 1307(c).

3. Upon approval of this Stipulation by the Court, the Service shall withdraw the Limited Plan Objection. Upon completion of the payments under the Plan and the Service's receipt of $12,898.50 and $830.00 on account of the Service's secured and priority claims, respectively, the Debtor's past due pre-petition personal income taxes shall be deemed paid in full.

4. The terms of this Stipulation shall apply to any amended plan. Any amended plan shall include the language contained in paragraph 1 of this Stipulation.

5. This Stipulation constitutes the entire agreement between the Parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either party or agents of either party, that is not contained in this Stipulation, shall be enforceable with respect to these matters.

6. The Parties shall bear their own costs, expenses, and attorney's fees incurred in connection with any stage of the above-captioned adversary proceeding.

7. This Stipulation may not be modified other than by a signed writing executed by the Parties.

8. The undersigned parties have reviewed and approved this Stipulation.

9. The undersigned parties acknowledge they have authority to bind the Parties in accordance with this Stipulation.

Date: December 15, 2020

| | |
|---|---|
| UNITED STATES OF AMERICA<br>By its attorneys | GILLI LAVRISHINA<br>By her attorney, |
| ANDREW E. LELLING | Dmitry Lev United States Attorney |
| By: /s/ Raquelle L. Kaye<br>RAQUELLE L. KAYE<br>Assistant United States Attorney<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>Tel. No. (617) 748-3403<br>raquelle.kaye@usdoj.gov | By: /s/ Dmitry Lev<br>DMITRY LEV ESQ. BBO # 665236<br>Law Offices of D. Lev, PC<br>134 Main Street<br>Watertown, MA 02472<br>Tel. No. (617) 556-9990<br>dlev@levlaw.net |

### CERTIFICATE OF SERVICE

I, Raquelle L. Kaye, hereby certify that on December 15, 2020 I electronically filed the foregoing document with the U.S. Bankruptcy Court for the District of Massachusetts by using the CM/ECF system. The foregoing document will be electronically sent to the parties who are currently on the list to receive e-mail notices in this case.

I further certify that on December 15, 2020, I served a copy of the same by first-class U.S. mail, postage pre-paid, to the parties or their counsel of record, inclusive of all creditors required to be served by L R 1017-1(g). Such creditors are listed on the exhibit to this Certificate of Service.

Date: December 15, 2020

/s/ Raquelle L. Kaye
RAQUELLE L. KAYE

PDM Capital LLC
c/o Berkovitch and Boukila, PLLC
80 Broad Street
Suite 3303
New York, NY 10004-2209

Boston
U. S. Bankruptcy Court
J.W. McCormack Post Office & Court House
5 Post Office Square, Suite 1150
Boston, MA 02109-3945

A Sharon Driving School, Inc.
59 Pond St Apt B
Sharon, MA 02067-2064

Ariel Bouskila
Berkovitch & Bouskila
80 Broad St., Ste. 3303
New York, NY 10004-2209

Bank of America
4909 Savarese Circle
Tampa, FL 33634-2413

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Bank of America
Legal Order Processing
NY7-501-02-07
5701 Horatio Street
Utica, NY 13502-1024

Berkovitch & Bouskila
1330 6th Ave, Suite 600B
New York, NY 10019-5400

CFG Merchant Solutions, LLC
180 Maiden Lane, Floor 15
New York, NY 10038-5150

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Citibank/The Home Depot
Attn: Recovery/Centralized Bankruptcy
Po Box 790034
St Louis, MO 63179-0034

Citibank/The Home Depot
Po Box 6497
Sioux Falls, SD 57117-6497

Credit Collection Services
Attn: Bankruptcy
725 Canton St
Norwood, MA 02062-2679

Credit Collection Services
Po Box 710
Norwood, MA 02062-0710

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193-8873

David Michels, Esq.
Department of Industrial Accidents
Lafayette City Center
2 Avenue de Lafayette
Boston, MA 02111-1750

David Michels, Esq.
Lafayette City Center, 1st Floor
2 Avenue de Lafayette
Boston, MA 02111-1750

Green Capital Funding, LLC
116 Nassau Street, 8th Floor
New York, NY 10038-2402

Huntington National Bank
Bankruptcy Notices
PO Box 89424
Cleveland, OH 44101-6424

Huntington National Bank
Court Order Processing
5555 Cleveland Ave (GW4W34)
Columbus, OH 43231-4048

Internal Revenue Service
Attn: Small Business/Self Employed
118 Turnpike Rd
Southborough, MA 01772-2130

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Massachusetts Department of Revenue
Bankruptcy Unit
P.O.Box 9564
100 Cambridge Street
Boston, MA 02114-2509

Mr. Cooper
Attn: Bankruptcy
PO Box 619094
Dallas, TX 75261-9094

(p)NATIONSTAR MORTGAGE LLC
PO BOX 619096
DALLAS TX 75261-9096

PDM Capital LLC
c/o Berkovitch and Bouskila, PLLC
80 Broad Street, Suite 3303
New York, NY 10004-2209

PDM Capital, LLC
39 Broadway
New York, NY 10006-3003

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Real Time Resolution, Inc.
1349 Empire Central Dr. Suite 150
Dallas, TX 75247-4029

Real Time Resolutions, Inc.
1349 Empire Central Dr.
Suite 150
Dallas, TX 75247-4029

Real Time Resolutions, Inc.
1349 Empire Central Drive, Suite #1
Dallas, Texas 75247-4029

Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165-0250

(p)TOYOTA MOTOR CREDIT CORPORATION
PO BOX 8026
CEDAR RAPIDS IA 52408-8026

Toyota Motor Credit Corporation
PO Box 9013
Addison, Texas 75001-9013

Verizon by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Workers Compensation Trust Fund
1 Congress Street, Ste 100
Boston, MA 02114-2023

Carolyn Bankowski-13-12
Chapter 13-12 Trustee Boston
P. O. Box 8250
Boston, MA 02114-0950

Dmitry Lev
Law Offices of D. Lev, PC
134 Main Street
Watertown, MA 02472-4416

Gilli Lavrishina
22 Ward Well Rd
Canton, MA 02021-3422

John Fitzgerald
Office of the US Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Sq., 10th Fl, Suite 1000
Boston, MA 02109-3901